United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY PEARSON SMALL, TDCJ #639945, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-1572 |
| ZARVONA ENERGY LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jeffery Pearson Small (TDCJ #639945), is a state inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Small has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging state-law claims against a local corporation. Because Small is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Small is currently confined by TDCJ at the Polunsky Unit, which is located in Livingston, Texas.[1] Public records clarify that Small is incarcerated as the result of more than one prison sentence entered against him in Harris County, Texas, where Houston is located.[2] The defendant, Zarvona Energy LLC, is also located in Houston.[3]

Small alleges that he is a landowner who has rights under an oil and gas lease operated by the defendant, which has failed to pay or "underpaid" royalties due under that lease.[4] Small explains that the defendant "bought" the lease from a different company (Anadarko), which is not a party to this lawsuit.[5] Small accuses the defendant of "unjust [e]nrichment" and "breach [of] contract" for failing to pay him royalties as required under the lease.[6] Small seeks a "fix[ed] percentage" of "overriding mineral royalty

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] See TDCJ Offender Information Details, available at: https://offender.tdcj.texas.gov (last visited May 28, 2020) (listing two convictions from Harris County, Texas, in 1992 and 2014).

[3] Complaint, Docket Entry No. 1, p. 3.

[4] Id. at 3, 4.

[5] Id. at 4.

[6] Id. at 3, 4.

revenues" and other damages in the amount of $100.00.[7]

## II. **Discussion**

Although Small has submitted his claims on a pre-printed complaint form for use by state prisoners in filing a civil rights action under 42 U.S.C. § 1983, his allegations against the defendant are limited to breach of contract and other claims that are actionable, if at all, under state law.[8] Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 106 S. Ct. 1326, 1331 (1986) (citation omitted); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to

---

[7] Id. at 4.

[8] The court is mindful that pleadings filed by pro se litigants are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is to be liberally construed[.]") (citation and internal quotation marks omitted). Nevertheless, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." Armstrong v. Capshaw, Goss & Bowers, LLP, 404 F.3d 933, 936 (5th Cir. 2005) (citations omitted); see also United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (courts may ignore the erroneous citation of authority as well as the label or title a pro se prisoner gives his pleading).

adjudicate claims.") (citations omitted). Thus, federal courts have a duty to ensure the existence of subject matter jurisdiction before reaching the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1570 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level"); see also Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (determining subject matter jurisdiction first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice"). If a district court determines at any time that it lacks subject matter jurisdiction it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Other than cases in which the United States is a party, federal district courts only have authority to adjudicate cases involving a federal question or a dispute between parties with diversity of citizenship. See Columbraria Ltd. v. Pimienta, 110 F. Supp. 2d 542, 545 (S.D. Tex. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Amer., 114 S. Ct. 1673, 1676 (1994)). Because federal jurisdiction is not presumed to exist, the party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. See id. Assuming that all of Small's allegations are true, he fails to demonstrate that his Complaint implicates a federal question or the requisite diversity of citizenship for the purpose of establishing subject matter jurisdiction for reasons discussed briefly below.

1.   **Federal Question Jurisdiction**

To establish a federal question a plaintiff must allege a cognizable violation of his rights under the Constitution or federal law.  See 28 U.S.C. § 1331. As noted above, Small's Complaint was submitted on a pre-printed form for use by prisoners seeking relief under the federal Civil Rights Act codified at 42 U.S.C. § 1983.  Assuming that Small intended to invoke the remedy found in § 1983, he does not state a viable claim under this provision.

"To state a claim under § 1983, a plaintiff must first show a violation of the Constitution or of federal laws, and then show that the violation was committed by someone acting under color of state law." Turner v. Lieutenant Driver, 848 F.3d 678, 685 (5th Cir. 2017) (citation and internal quotation marks omitted). Small makes neither showing because he does not allege the violation of a constitutional or federally protected right.  Moreover, he does not demonstrate that the defendant qualifies as a state actor. See Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2754 (1982) (explaining that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," such as a state official or one who has either "acted with or has obtained significant aid from state officials" or whose "conduct is otherwise chargeable to the State").

A district court is not required to entertain a complaint that purports to seek recovery under the Constitution or laws of the

United States if the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Tiner v. Cockrell, 756 F. App'x 482, 482 (5th Cir. 2019) (per curiam) (quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946)). Because Small does not assert facts showing he has a valid claim under § 1983 or any other federal law, the case does not present a federal question for purposes of jurisdiction under 28 U.S.C. § 1331.

### 2. Diversity of Citizenship

Federal courts can adjudicate cases in which a citizen of one state alleges a violation of his or her rights under state law by a citizen of another state and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). To properly allege diversity jurisdiction under § 1332(a), the parties need to establish "complete diversity." MidCap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." Id.

According to the Complaint, Small is a citizen of Texas who resides at the Polunsky Unit in Livingston.[9] The only facts

---

[9]Complaint, Docket Entry No. 1, p. 3.

alleged about the defendant, which is listed as an "LLC" or Limited Liability Corporation, is the location of its corporate headquarters in Houston.[10]  This is insufficient to establish the defendant's citizenship.

Unlike a corporation, which takes the citizenship of its state of incorporation and its principal place of business, see 28 U.S.C. § 1332(c)(1), "the citizenship of a[n] LLC is determined by the citizenship of all of its members." MidCap Media Finance, 929 F.3d 310, 314 (5th Cir. 2019) (quoting Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008)) (alteration in original).  To establish diversity jurisdiction, a party "must specifically allege the citizenship of every member of every LLC." Id. (quoting Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017)).

Small does not allege facts showing that the defendant has any member outside of Texas.  A search of public records available on Lexis indicates that the defendant is a small entity and that all of its members are current or former corporate office holders located in the Houston area.  Because Smith has not alleged facts showing that complete diversity exists, he has not established that this is a suit between parties of diverse citizenship as required for purposes of 28 U.S.C. § 1332.

Small has not otherwise shown that there is any proper

---

[10] Id.

jurisdictional basis for considering his state-law claims in federal court.[11]  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Hooks v. Landmark Indus., Inc., 797 F.3d 309, 312 (5th Cir. 2015) (citation and internal quotation marks omitted).  Absent a valid basis for jurisdiction, this court can take no further action and must dismiss the complaint.  See FED. R. CIV. P. 12(h)(3).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Prisoner Civil Rights Complaint filed by Jeffery Pearson Small (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 28th day of May, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[11]Small indicates that he filed suit against the defendant previously in state court, but the case was "dismissed" for reasons he does not disclose.  See Complaint, Docket Entry No. 1, p. 2.